IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JERMAINE LEJUANE HILL, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| EUGENE M. BENTON, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:15-CV-420-WSD-GGB |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Jermaine LeJuane Hill, confined in the Newton County Detention Center in Covington, Georgia, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff has been granted *in forma pauperis* status, and the matter is presently before me for a 28 U.S.C. § 1915A review. For the reasons discussed below, I recommend that this action be dismissed.

I.   28 U.S.C. § 1915A Review

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir.

AO 72A
(Rev.8/82)

2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A viable claim must be "plausible on its face."  *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

AO 72A
(Rev.8/82)

II.     Discussion

Plaintiff brings this action against Defendants, Newton County Superior Court Judge Eugene M. Benton and Superior Court Clerk Linda D. Hays. [Doc. 1 at 1, 2-3]. Plaintiff indicates that an unspecified criminal charge was pending against him, but the statute of limitations applicable to that charge expired in March 2014. [*Id.* at 3]. Plaintiff was then arrested for "traffic misdemeanors" and released on bond in September 2014. [*Id.*]. On January 6, 2015, Judge Benton revoked Plaintiff's bond and ordered him held on the unspecified criminal charge as well as the traffic misdemeanors. [*Id.*]. Plaintiff makes no allegations against Court Clerk Hays. Plaintiff seeks monetary relief and release from confinement. [*Id.* at 4].

Plaintiff's claims against Hays should be dismissed because Plaintiff makes no allegations against Hays. Plaintiff's claims against Judge Benton should be dismissed because a judge is entitled to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit . . . ."). Any other § 1983 claims regarding Plaintiff's ongoing criminal proceedings should be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

> In *Younger*, the Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special

3

circumstances. . . . The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights. . . . *Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges.

*Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (per curiam) (citations omitted).  All three requirements of *Younger* abstention are satisfied in the present case.  Plaintiff's state criminal proceedings are ongoing, such proceedings implicate important state interests in enforcing criminal law, and Plaintiff has an adequate opportunity to raise constitutional challenges in those proceedings.  Because *Younger* prohibits this Court from interfering in Plaintiff's state criminal proceedings, any remaining § 1983 claims should be dismissed without prejudice.  *See Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (per curiam) ("A dismissal pursuant to the *Younger* doctrine is without prejudice, and does not preclude later re-filing of the complaint.").

Plaintiff may not obtain release from his confinement in a § 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Even if I construed the present case as a 28 U.S.C. § 2241 petition for a writ of habeas corpus, *Younger* abstention would apply.  It also appears that Plaintiff has not sought state habeas relief, and his

4

failure to exhaust state court remedies bars § 2241 relief. *See* 28 U.S.C. § 2254(b)(1) & (c).

III.  Conclusion

Based on the foregoing, I **RECOMMEND** that (1) Plaintiff's claims against Defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915A, and (2) any other claims regarding Plaintiff's ongoing criminal case be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 2nd day of April, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE