IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JERMAINE LEJUANE HILL,

                    Plaintiff,

     v.

EUGENE M. BENTON, Superior
Court Judge, and LINDA D. HAYS,
Superior Court Clerk,

                   Defendants.

1:15-cv-420-WSD

OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final

Report and Recommendation [6] ("R&R"). The R&R recommends dismissal of

this action pursuant to 28 U.S.C. § 1915A.

I.      BACKGROUND

On February 11, 2015, Plaintiff Jermaine LeJuane Hill ("Plaintiff") filed his

Complaint [1] without prepaying the required $400 filing fee or submitting a

financial affidavit seeking leave to proceed *in forma pauperis* ("IFP Application").

On February 19, 2015, the Magistrate Judge ordered Plaintiff to either pay the fee

or submit the required affidavit within thirty (30) days. ([2]). On March 12, 2015,

Plaintiff filed his IFP Application [4], and, on March 24, 2015, the Magistrate

Judge granted Plaintiff's IFP Application.  ([5]).

Because Plaintiff submitted his Complaint while confined as a prisoner, the Magistrate Judge reviewed his Complaint pursuant to 28 U.S.C. § 1915A.  On April 2, 2015, the Magistrate Judge issued her R&R.  The R&R recommends dismissal of this action.

The R&R was mailed to Plaintiff, and was returned as undeliverable.  ([9]).

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). No party objects to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.    Analysis

Plaintiff brings this action against Defendants Newton County Superior Court Judge Eugene M. Benton and Superior Court Clerk Linda D. Hays, asserting claims under 42 U.S.C. § 1983.  Plaintiff seeks monetary relief and release from confinement.

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2).

The Magistrate Judge found that Plaintiff's claims against Hays should be dismissed because Plaintiff does not make any allegations against Hays. (R&R at 3). The Magistrate Judge found that Plaintiff's claims against Judge Benton should be dismissed because a judge is entitled to absolute immunity. (Id. (citing Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam))). The Court finds no plain error in the Magistrate Judge's findings and recommendation. See Slay, 714 F.2d at 1095.

The Magistrate Judge also found that any other Section 1983 claims regarding Plaintiff's ongoing criminal proceedings should be dismissed without prejudice under the abstention requirements articulated by the United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1971). The Magistrate Judge found that all three requirements of Younger abstention are satisfied in the present case, because Plaintiff's state criminal proceedings are ongoing, the proceedings implicate important state interests in enforcing criminal law, and Plaintiff has an adequate opportunity to raise constitutional challenges in those proceedings.

3

(R&R at 4).  The Court finds no plain error in the Magistrate Judge's findings and

recommendation.  See Slay, 714 F.2d at 1095.[1]

The Local Rules of the Court provide that a *pro se* party's failure to "keep

the clerk's office informed of any change in address . . . which causes a delay or

otherwise adversely affects the management of the case shall constitute

grounds . . . for dismissal of the action without prejudice."  LR 41.2(C).  This

action also must be dismissed under Local Rule 41.2(C) because Plaintiff failed to

keep the Clerk's office informed of his current address.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final

Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants

are **DISMISSED** pursuant to 28 U.S.C. § 1915A.  Plaintiff's claims regarding his

ongoing state criminal case are **DISMISSSED WITHOUT PREJUDICE**.

---

[1]     The Magistrate Judge also found, and the Court agrees, that Plaintiff may
not obtain release from his confinement under Section 1983.  (R&R at 4).  Even if
Plaintiff's Complaint were construed as a Section 2241 petition for a writ of habeas
corpus, Younger abstention would apply, and Plaintiff additionally failed to
exhaust his state court remedies.  (Id. at 4-5).  The Court finds no plain error in the
Magistrate Judge's findings and recommendation.

5

**SO ORDERED** this 25th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE